IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SANDRA CUMMINGS                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:17-CV-197-SA-DAS

WELLS FARGO BANK, N.A., et al.                                                  DEFENDANTS

ORDER OF DISMISSAL

Sandra Cummings filed her Complaint [2] in the Circuit Court of Webster County, Mississippi on November 16, 2017. Cummings' claims arise out of foreclosure proceedings instituted against her by the Defendants. By way of her Complaint, Plaintiff Cummings seeks a temporary restraining order halting the foreclosure immediately, and a preliminary injunction preventing the foreclosure from proceeding. The Plaintiff also asserts that she has a variety of other "meritorious claims" including fraudulent misrepresentation, rescission, and unjust enrichment, among others.

The Circuit Court granted the temporary restraining order, without notice to the Defendants, for a period of ten days and put the Plaintiff's request for preliminary injunctive relief over for a hearing, all pursuant to Mississippi Rule of Civil Procedure 65. On November 29, 2017, the Defendants timely removed the case to this Court premising subject matter jurisdiction on diversity of citizenship.[1]

On February 15, 2018, noting that the Plaintiff never served the Defendants with her Complaint, the Clerk of Court issued a Notice of Incomplete Process [20]. The Plaintiff did not

---

[1] "The filing of a petition for removal does not amount to a general appearance, but to a special appearance only," and thus is not a consent to personal jurisdiction. *Wabash W. Ry. v. Brow*, 164 U.S. 271, 279, 17 S. Ct. 126, 41 L. Ed. 431 (1896). Although the Court initially questioned the Defendants' diversity allegations, *see* Order to Show Cause [4], the Defendants confirmed the existence of complete diversity by supplementing their allegations, *see* Supplement [8].

file any response to the Clerk's notice, but did file an Amended Complaint [21], against all the same Defendants alleging new class action claims and adding several Plaintiffs.

Again, noting that the Plaintiff had still not served the Defendants with process, the Court issued an Order to Show Cause [22] as to why this case should not be dismissed under Federal Rules of Civil Procedure 4 and 41. The Plaintiff did file a Response [23], in which she takes the position that because the temporary restraining order was granted, no service of process is required. The Plaintiff does not cite any cases or legal authority in support of her position.

Federal Rule of Civil Procedure 4(m) states, "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). In cases, such as this one, timely removed from state to federal court, the time limit for service begins to run upon removal. 4B Wright & Miller, Fed. Prac. & Proc. Civ. § 1137 (4th ed.); *Fox v. United States*, No. 3:10-CV-126–DPJ–MTP, 2012 WL 639915, at *1 (S.D. Miss. Feb. 27, 2012) (additional citations omitted).[2] Under these authorities, the last day for service was February 27, 2018.[3]

Because the Plaintiff never served the Defendants, and she has not demonstrated any good cause for extending the time for doing so, despite the Court providing clear notice of the failure, the Court dismisses this case without prejudice under Federal Rules of Civil Procedure 4 and 41.

SO ORDERED, this the 12th day of April, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[2] As noted above, the Plaintiff did file an amended complaint, albeit outside the time limit for service and without leave from the Court, but the filing of an amended complaint against the same defendants does not restart the clock for service. *See id.*

[3] The Court notes that even if counting from the date of the supplement to the notice of removal, December 12, 2017, was required; the time for service has passed without execution.